11th
Court of Appeals

                                                                  Eastland,
Texas

                                                             Memorandum
Opinion

 

In re Estate of E. E.
Patterson, Deceased

No.
11-03-00070-CV -- Appeal from Taylor County

 

The trial
court entered judgment that three certificates of deposit passed outside of the
probate estate of E. E. Patterson to his wife, Ruby Patterson, who is also now
deceased.  The administratrix of E. E.=s estate appeals, asserting in a sole issue
that the original account agreements did not extend to the certificates of
deposit upon their renewal.  We disagree
with that contention and affirm the trial court=s judgment.  

The case
was tried to the trial court upon a stipulated issue and stipulated facts.  On October 10, 1989, March 28, 1990, and
April 4, 1991, the Pattersons acquired separate, one-year certificates of
deposit from Sunbelt Savings, which was subsequently succeeded by Bank of
America.  All three certificates of
deposit were in the names of AE. E. Patterson or Ruby Patterson.@  Separate signature cards were
executed at the time of the original deposits. 
Both E. E. and Ruby signed the account signature cards.  On each signature card, a box was checked
showing that the certificates of deposit were owned as AJoint Tenants with Right of Survivorship, or
If Spouses, Community Property with Right of Survivorship.@  The
special agreement acknowledged in each signature card stated as follows:  

Community
Property with Right of Survivorship Accounts and Joint Tenancy with Right of
Survivorship Accounts.  The signatory parties agree that they own
this account as joint tenants with right-of-survivorship, and that upon the
death of a party the survivor(s) shall own the entire account as separate and
not community property.

 

The certificates of
deposit were renewed annually and, at some point in time, were issued new
account numbers, but no new signature cards were executed.  On the signature cards, the old account
numbers were marked through, and the new account numbers were written
above.  








We agree
with the trial court=s
finding that the Ajoint
tenancy with right of survivorship agreements signed by [E. E. and Ruby] were
valid as to the >renewed= certificates of deposit existing at the time of [E. E.=s] death.” 
The certificate-of-deposit accounts constituted valid survivorship
accounts under TEX. PROBATE CODE ANN. ch. XI (Vernon 2003)(nontestamentary
transfers).  See Stauffer v. Henderson,
801 S.W.2d 858 (Tex.1990).  Nothing in
the record suggests that a new signature card would be required upon renewal of
the certificates of deposit, nor can we find any statute or precedent imposing
any such requirement.  See Estate of
Dillard, 98 S.W.3d 386 (Tex.App. - Amarillo 2003, pet=n den=d); Evans v. First National Bank of Bellville, 946 S.W.2d 367
(Tex.App. - Houston [14th Dist.] 1997, writ den=d).  The sole issue on appeal is
overruled.  

The
judgment of the trial court is affirmed. 


 

TERRY
McCALL

JUSTICE


 

October 2, 2003

Not designated for
publication.  See TEX.R.APP.P.
47.2(a). 

Panel consists of:  Arnot, C.J., and

Wright, J., and McCall, J.